IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BYRON L. TRACKWELL,

                    Plaintiff,

        Vs.                                      No. 04-4168-SAC

UNITED STATES GOVERNMENT,

                    Defendant.


MEMORANDUM AND ORDER

        The case comes before the court on the defendant government's

motion to dismiss amended complaint.  (Dk. 15).  The government's first motion to

dismiss the plaintiff's original complaint was dismissed as moot in light of the

plaintiff's filing of an amended complaint.  (Dk. 17).  The government's pending

motion is now ripe with the filing of the plaintiff's response and with the expiration

of time for filing of a reply brief.  The plaintiff captioned his response also as a

motion seeking essentially the relief claimed in his amended complaint. The clerk of

the court docketed the plaintiff's pleading both as a response and as a motion.

(Dk. 21).

        The plaintiff's principal claim is that the Clerk of the Supreme Court

of the United States has repeatedly violated his First Amendment right to petition

by refusing to transmit his application filed pursuant to Sup. Ct. Rule 22 to United States Supreme Court Justice Stephen Breyer.[1]  The plaintiff's amended complaint prays that this court (1) order the Clerk of the Supreme Court of the United States to transmit his brief and petition to Justice Stephen Breyer; (2) order the United States Supreme Court to docket the plaintiff's case and address all claims including answering whether the government's actions in the 2003 Iraq War were unconstitutional; and (3) provide such other relief as deemed proper.  (Dk. 14, p. 9).  In his pleadings, the plaintiff summarizes his constitutional challenges to the government's involvement and actions in the Iraq war and asks this court not to address those challenges but to order the Supreme Court to do so.  The government seeks to dismiss the plaintiff's action for lack of subject matter jurisdiction, Fed. R. Civ. P.  12(b)(1), and for failure to state a claim upon which relief can be granted, Fed. R. Civ. P.  12(b)(6).  For the reasons stated herein, the court grants the government's motion to dismiss the plaintiff's amended complaint and denies the plaintiff's motion for relief.

---

[1]In his brief filed February 15, 2005, (Dk. 9), the plaintiff includes several footnotes that summarize the written responses received from the Clerk of the Supreme Court to his applications.  The Clerk explained on several occasions that the Supreme Court lacked jurisdiction over the plaintiff's claims and further explained on at least one occasion that Rule 22 did not authorize an individual Justice to order the Clerk to file an action.

A court's subject matter jurisdiction is its statutory or constitutional authority to adjudicate a given kind of case.  *Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  The party asserting federal jurisdiction bears the burden of proving this threshold jurisdiction.  *Marcus v. Kansas Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).  Because the plaintiff's complaint is devoid of factual allegations, the defendant lodges a facial attack to the sufficiency of the jurisdictional allegations.  *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  A court lacking subject matter jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995).

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion to dismiss may be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling her to relief under her theory of recovery.  *Conley v. Gibson*, 355 U.S. 41, 45-46  (1957).  A court judges the sufficiency of the complaint accepting as true all well-pleaded facts, as distinguished from conclusory allegations.  *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).  These deferential rules, however, do not allow the court to assume that a

3

plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated General Contractors v. California State Council of Carpenters*, 449 U.S. 519, 526 (1983) (footnote omitted).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993). "At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d at 1110. Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

*Sovereign Immunity*

The government first argues that the plaintiff's complaint alleges only general jurisdiction statutes and fails to allege any statutory waiver of the government's sovereign immunity for the claims. Absent the government's consent, sovereign immunity precludes suits against the federal government or its

4

agencies, and consent occurs "only when Congress unequivocally expresses in statutory text its intention to waive the United States' sovereign immunity." *Fent v. Oklahoma Water Resources Bd.*, 235 F.3d 553, 556 (10th Cir. 2000) (quotation omitted). "Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "[T]he existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The bar of sovereign immunity reaches claims for injunctive relief. *United States v. Murdock Machine and Engineering Co. of Utah*, 81 F.3d 922, 929 (10th Cir. 1996). Thus, to sue the United States, a plaintiff must allege a basis for jurisdiction and a specific statute that waives the government's immunity from suit, and dismissal is appropriate if no statutory waiver is alleged. *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002); *Andrean v. Secretary of U.S. Army*, 840 F. Supp. 1414, 1421 (D. Kan. 1993); *see Baca v. United States*, 467 F.2d 1061, 1063 (10th Cir. 1972).

Neither the original nor the amended complaint expressly alleges that the government has waived its sovereign immunity in this case. However, given that this is a pro se complaint, the court will analyze it liberally to determine whether it

5

contains any allegations that may indicate jurisdiction is proper.  The amended

complaint alleges federal jurisdiction pursuant to "28 U.S.C. § 1331; 28 U.S.C. §

1343(a)(4); 28 U.S.C. § 1346(a)(2); and 28 U.S.C. § 1361."  The court addresses

each statute in turn.

       The plaintiff correctly observes that the general federal question

statute, 28 U.S.C. § 1331, gives district courts "original jurisdiction of all civil

actions arising under the Constitution, laws, or treaties of the United States."  This

statute, however, "'does not waive the government's sovereign immunity.'"

*Neighbors For Rational Development, Inc. v. Norton*, 379 F.3d 956, 960-961

(10th Cir. 2004) (quoting *Eagle-Picher Industries, Inc. v. United States*, 901 F.2d

1530, 1532 (10th Cir.1990)); *see also Wyoming v. United States*, 279 F.3d 1214,

1225 (10th Cir. 2002) ("General jurisdictional statutes such as 28 U.S.C. § 1331 do

not waive the Government's sovereign immunity." (citation omitted)).  Thus, the

district court may not base its jurisdiction on § 1331 without another statute also

waiving sovereign immunity.  *Id*. at 961.  The plaintiff alleges no other statute

accomplishing this waiver.[2]

----

       [2]Though the plaintiff has named the United States Government as the
defendant, he actually seeks relief against the Clerk of the Supreme Court of the
United States and Supreme Court itself.  The plaintiff is unable to assert the broad
waiver of sovereign immunity found in the Administrative Procedure Act, *see* 5

The plaintiff's amended complaint also asserts 28 U.S.C. § 1343(a)(4) as a basis for this district court exercising jurisdiction of his claim against the United States.  Section 1343(a)(4) provides:  "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights . . . ."  The Tenth Circuit has held that "[t]his language does not by itself include any waiver of the sovereign immunity of the United States."  *Salazar v. Heckler*, 787 F.2d 527, 528 -529 (10th Cir. 1986) (citations omitted).  Consequently, when a plaintiff asserts this statute as the basis for jurisdiction, the court "must look to the specific 'Act of Congress providing for the protection of civil rights' invoked to determine whether that Act by its terms expresses Congress' consent to suits against the United States by persons in the plaintiff's position."  *Id*. at 529.  Such consent to suit cannot be found in any of the rules or statutes cited by the plaintiff for his claimed right to petition an individual Supreme Court justice or for protection of that claimed right.

The plaintiff next asserts jurisdiction under 28 U.S.C. §  1346 for a

---

U.S.C. § 702, as this waiver extends only to "agencies," and the federal judiciary is not an agency within the meaning of that Act, *see* 5 U.S.C. § 701(b)(1)(B).  *Dotson v. Griesa*, 398 F.3d 156, 177 (2nd Cir. 2005) (citations omitted).

civil action or claim against the United States not exceeding $10,000 in amount and "founded either upon the Constitution, or an Act of Congress . . . . "  This statute does not create jurisdiction or waive sovereign immunity as to an action or suit principally seeking equitable relief.  *See Hamilton Stores, Inc. v. Hodel*, 925 F.2d 1272, 1278 (10th Cir. 1991).  This statute "'has long been construed as authorizing only actions for money judgments and not suits for equitable relief against the United States.'"  *Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 652 (2nd Cir. 1998) (quoting *Richardson v. Morris*, 409 U.S. 464, 465 (1973) (per curiam)).  Thus, this statute does not waive sovereign immunity for claims of equitable relief as asserted here.  *Polanco*, 158 F.3d at 652.

A federal district court has jurisdiction of a mandamus action under 28 U.S.C. § 1361 "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  This general statute does not operate to waive sovereign immunity.  *Fostvedt v. United States*, 978 F.2d 1201, 1202-03 (10th Cir. 1992), *cert. denied*, 507 U.S. 988 (1993); *Lonsdale v. United States*, 919 F.2d 1440, 1443-44 (10th Cir. 1990); *United Tribe of Shawnee Indians v. United States*,  55 F. Supp. 2d 1238, 1243 (D. Kan. 1999), *aff'd*, 253 F.3d 543 (10th Cir. 2001).  The plaintiff appears unable to identify any statute by which Congress has consented for the United States to be sued when the Clerk of

the Supreme Court of the United States has returned pleadings as inappropriate for filing.

## Mandamus

The plaintiff's action is most akin to a mandamus suit.  Even assuming a waiver of sovereign immunity,  the plaintiff fails to state a claim for relief under § 1361.  This statute provides a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendants owe him a clear nondiscretionary duty.  *Hecker v. Ringer*, 466 U.S. 602, 616-17 (1984).  "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (citations omitted).  To grant mandamus relief, a court must find (1) that the plaintiff has a clear right to the relief sought, (2) that the defendants have a plainly defined and peremptory duty to do the action in question, and (3) that no other adequate remedy is available. *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).  The plaintiff's complaint fails to allege these required elements for mandamus relief, and the plaintiff is unable to allege a viable mandamus action.  *See Borntrager v. Stevas*, 772 F.2d 419, 420 (8th Cir.) (Supreme Court offers a remedy through its inherent power over its clerks to compel their performance of duties), *cert. denied*, 474 U.S. 1008 (1985); *Panko v. Rodak*, 606 F.2d 168, 170-71 (7th Cir. 1979) (plaintiff failed to allege a

9

clear right to have his papers filed or a plain duty on the clerks to file pleadings, and "it seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *Coombs v. Staff Attorneys of Third Circuit*, 168 F. Supp. 2d 432, 435 (E.D. Pa. 2001) ("review of actions of officers or employees of a court of appeals by a district judge [in a mandamus action] presents serious jurisdictional and practical problems."); Sup. Ct. R. 22 (Requires the Clerk to transmit an application only when "an individual Justice has authority to grant the sought relief.").

IT IS THEREFORE ORDERED that the defendant government's motion to dismiss the amended complaint (Dk. 15) is granted;

IT IS FURTHER ORDERED that the plaintiff's motion to deny and for relief as alleged in the amended complaint (Dk. 21) is denied.

Dated this 1st day of September, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge