IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BYRON L. TRACKWELL,

                              Plaintiff,

Vs.                                                                 No. 04-4168-SAC

UNITED STATES GOVERNMENT,

                              Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the plaintiff's motion to reconsider (Dk. 25) the court's order filed September 1, 2005, (Dk. 23) that granted the defendant government's motion to dismiss (Dk. 15) the amended complaint. The government opposes the motion to reconsider as untimely and without merit. (Dk. 26). In reply, the plaintiff has filed what he entitles an "Extraordinary Motion" in which he asks for a three-judge panel to hear and decide his claim pursuant to alternative dispute resolution procedures. (Dk. 27). The defendant responds that the plaintiff's latest request is procedurally improper, untimely, and without merit. (Dk. 28).

The court's prior order dismissing this case for lack of jurisdiction

and for failure to state a claim for relief is a dispositive order. (Dk. 23). Thus, the plaintiff must file his motion to reconsider pursuant to Fed. R. Civ. P. 59(e) or 60. *See* D. Kan. Rule 7.3(a). Rule 59(e) specifies that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." The judgment in this case was entered on September 1, 2005, and the defendant did not file his motion to reconsider until September 26, 2005. The plaintiff asserts his motion is timely because the court earlier in the case granted his request for additional time to respond to the defendant's motion to dismiss, and those same reasons for an extension of time also justify additional time now for him to file his motion to reconsider. The plaintiff's current request, however, is subject to different rules. Rule 6(b), which grants the district court limited authority to extend various time limits under the rules, provides that the court "may not extend the time for taking any action under Rule[ ] 59 . . .(e), . . . except to the extent and under the conditions stated [therein]." Fed. R. Civ. P. 6(b); *see also Collard v. United States*, 10 F.3d 718, 719 (10th Cir. 1993) (Rule 6(b) expressly prohibits a trial court from extending the time to file a Rule 59(e) motion). Rule 59 provides no exception to the ten-day rule. Thus, this court lacks authority to grant the plaintiff additional time in which to file a Rule 59(e) motion.

Even assuming the motion to reconsider had been timely filed, the

court would deny it as inappropriate.  A Rule 59(e) motion stands on limited grounds.  *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000) (holding that Rule 59(e) motions "should be granted only to correct manifest errors of law or to present newly discovered evidence"); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  *See Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).").  A Rule 59(e) motion does not make appropriate the revisiting of issues already considered or the arguing of matters not raised in prior briefs.  *Servants of Paraclete v. Does*, 204 F.3d at 1012.  Put another way, a party is not to pursue such a motion in order to rehash previously rejected arguments or to offer new legal theories or facts. *Achey v. Linn County Bank*, 174 F.R.D. 489, 490 (D. Kan. 1997).  Nor is a motion to reconsider "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."  *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).  In his motion to reconsider, the plaintiff has not shown any clear error or manifest injustice in the court's holding.  The plaintiff cannot meet this high threshold simply by characterizing the court's citation of controlling precedent as "just standalone Case

Law" and his string cites of irrelevant case law as "well rounded." (Dk. 25). It is equally nonsensical for the plaintiff to argue that the court's order dismissing this case now provides the court with supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Finally, the plaintiff's request for a three-judge panel to hear his motion and claims for relief is summarily denied as untimely and procedurally improper.

If construed as a motion pursuant to Fed. R. Civ. P. 60(b), the plaintiff's motion fares no better. Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds." *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). A movant cannot use Rule 60(b) to reargue the merits of the underlying judgment, nor can the Rule be used as a substitute for appeal. *United States v. 31.63 Acres of Land*, 840 F.2d 760, 761 (10th Cir. 1988). The plaintiff's arguments do not meet the exceptional circumstances embodied within Rule 60's six grounds. As stated above, the plaintiff merely rehashes contentions previously rejected, and his latest arguments and assertions are utterly devoid of merit.

IT IS THEREFORE ORDERED that the plaintiff' motion to reconsider (Dk. 25) and the plaintiff's "Extraordinary Motion" (Dk. 27) are denied.

Dated this 4th day of November, 2005, Topeka, Kansas.


                    s/ Sam A. Crow
                    Sam A. Crow, U.S. District Senior Judge