IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BYRON L. TRACKWELL,

                Plaintiff,

Vs.                                        No. 04-4168-SAC

UNITED STATES GOVERNMENT,

                Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the plaintiff's motion for extension of time to file his notice of appeal. (Dk. 30). The plaintiff asks the court to construe and apply the rules so that he would have sixty days after November 4, 2005, to file his notice of appeal pursuant to Fed. R. App. P. 4. The government opposes the plaintiff's request and argues that the plaintiff's time for filing a notice of appeal has expired, as well as his time for seeking an extension. (Dk. 31).

The court granted the defendant's motion to dismiss, and judgment was entered on September 1, 2005. (Dks. 23 and 24). The plaintiff filed a motion to reconsider (Dk. 25) on September 26, 2005, and an extraordinary motion on October 24, 2005. (Dk. 27). The government opposed both motions as untimely. (Dks. 26 and 28). By its order filed November 4, 2005, the court denied the

plaintiff's motions as untimely and without merit. (Dk. 29). The plaintiff then filed his motion for extension of time which the court now addresses. (Dk. 30).

In his motion, the plaintiff admits being aware that his motion to reconsider could be "considered untimely," but he questions why then it was docketed by the clerk or referred to by the district court in its subsequent order. The plaintiff offers his understanding of the law that if the court's order was timely filed then the motions referenced in that order also "must be considered timely filed." (Dk. 30). Finally, the plaintiff leaps to the conclusion based on his "straightforward interpretation" of Fed. R. Civ. P. 6(a) that his time for filing an appeal runs from November 4, 2005, the filing date of the court's order denying his motion to reconsider. *Id*.

What the plaintiff argues as his understandings and conclusions are not consistent with the plain wording of the rules governing these proceedings. In a civil case in which the United States is a party, the notice of appeal must be filed "within 60 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(B). Presumably, the plaintiff seeks to appeal from the court's order entered on September 1, 2005. The time for filing his notice of appeal from that order expired on October 31, 2005, unless the time is extended by operation of another provision.

2

The court considers first the effect of the plaintiff's post-judgment motions. "If a party timely files in the district court" a motion to alter or amend under Rule 59 or a motion for relief under Rule 60 "if the motion is filed no later than 10 days after the judgment is entered," then "the time to file an appeal runs for all parties from the entry of the order disposing" of the motion. Fed. R. App. P. 4(a)(4)(A). The court denied the plaintiff's motion filed under Rule 59 as untimely. (Dk. 29). The plaintiff did not file this motion or his later "extraordinary motion" within ten days after entry of judgment. *See* Fed. R. App. 4(a)(4)(A)(vi). The plaintiff's post-judgment motions and the court's ruling on the same did not extend or toll the plaintiff's time for filing his notice of appeal. *See Parker v. Board of Public Utilities of Kansas City, Kan.*, 77 F.3d 1289, 1291 (10th Cir. 1996) (the Rule 59 motion must be timely filed to toll the time for filing a notice of appeal, and Fed. R. Civ. P. 6(e) does not extend the time for filing Rule 59(e) motions). In merely docketing the plaintiff's motions and referring to the same in its order, the court did not provide the plaintiff with any specific assurance that his motion to reconsider had been timely filed. The plaintiff lacks "unique circumstances" for arguing the time for appeal should run from the court's order denying his motion to reconsider.

The court construes the plaintiff's motion also as seeking an extension

of time to file his notice of appeal pursuant to Fed. R. App. P. 4(a)(5). The court may extend the appeal time if the party files his motion "no later than 30 days after the time prescribed by this Rule 4(a) expires." The appeal time expired here on October 31, 2005, so the defendant's motion for extension of time filed November 29, 2005, just falls within the required 30-day period. The court may extend the appeal time here by ten days from entry of this order if the plaintiff has shown "excusable neglect or good cause." Because the plaintiff appears *pro se* and expressly seeks an extension of time to file an appeal, the court will apply this provision, even though the plaintiff's motion failed to identify Fed. R. App. P. 4(a)(5) or to couch its arguments within the framework of that rule. The plaintiff's motion discusses the magistrate judge's earlier order (Dk. 11) which extended the plaintiff's time for filing a response for "good cause shown" by the facts alleged in the plaintiff's motion that he resides in Dukhan, Qatar, and his receipt of pleadings via the mail takes over two weeks instead of several days. The district court likewise considers the same circumstances to be good cause for extending the plaintiff an additional ten days from the entry of this order to file his notice of appeal. To insure that the plaintiff has a meaningful opportunity to meet this ten-day deadline, the court will direct the clerk of the court to notify the plaintiff of this order not only by the Postal Service to his address in Qatar but by e-mail at

trackwell@qp.com.qa with a copy of the order attached to the e-mail.

IT IS THEREFORE ORDERED that the plaintiff's motion for extension of time to file his notice of appeal (Dk. 30) is granted insofar as the plaintiff is given ten days from the entry of this order to file his notice of appeal;

IT IS FURTHER ORDERED that clerk of the court shall notify the plaintiff of this order not only by the Postal Service to his address in Qatar but by e-mail at trackwell@qp.com.qa with a copy of this order attached to the e-mail.

Dated this 27th day of December, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge